UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE L. MURPHY,<br><br>    Petitioner,<br><br>    v.<br><br>KELLY SANTORO,<br><br>    Respondent. | Case No. 1:18-cv-00148-AWI-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT THE COURT GRANT RESPONDENT'S MOTION TO DISMISS<br><br>ECF No. 14 |

This matter is before the court on respondent's motion to dismiss. ECF No. 14. Petitioner Andre L. Murphy, a state prisoner proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. He advances three habeas claims related to the denial of his request for resentencing. Respondent moves to dismiss all claims, arguing that the petition is untimely and that petitioner failed to exhaust his state court remedies. For the reasons discussed below, we recommend that the court grant respondent's motion and dismiss this case without prejudice.

## I.  Background

In 1999, a jury convicted petitioner of assault by means of force likely to produce great bodily injury. ECF No. 15-2 at 2. The jury further found that in committing the offense, Murphy personally inflicted great bodily injury under circumstances involving domestic violence. *Id.* At sentencing, the court found that petitioner had two prior felony convictions that qualified as serious felonies and thus as strikes under the Three Strikes Law. The court sentenced petitioner to an indeterminate state prison term of twenty-five years to life, plus fourteen years. *Id.*

On November 7, 2012, California's Proposition 36, also known as the Three Strikes Reform Act, went into effect. Proposition 36 provides:

> [a]ny person serving an indeterminate term of life imprisonment . . . upon conviction . . . of a felony or felonies that are not defined as serious and/or violent . . . may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause . . . to request resentencing.

Cal. Penal Code § 1170.126(b).

Petitioner moved to recall his sentence under Proposition 36 on October 30, 2014, in Fresno County Superior Court, alleging that one of his prior offenses—a 1982 crime that resulted in his commitment under the California Youth Act—did not qualify as a serious or violent felony and thus should not have been counted against him as a strike. ECF No. 15-13. On November 20, 2014, the superior court denied petitioner's motion, finding that he had committed the 1982 offense when he was 20 years old and that it qualified as a serious and/or violent felony—and finding that petitioner was ineligible for resentencing because his current commitment resulted from a serious and violent felony. ECF No. 15-14. On January 12, 2015, petitioner appealed. ECF No. 15-15. On August 24, 2016, the California Court of Appeal upheld the lower court's denial of petitioner's motion. ECF No. 15-16. According to the California Rules of Court, a decision of the Court of Appeal becomes final thirty days after the opinion is filed, Rule 8.264(b)(1), and an appeal must be taken to the California Supreme Court within ten days of finality, Rule 8.500(e)(1). Thus, the deadline to appeal the August 24, 2016 opinion was October 3, 2016.

On August 31, 2016, petitioner's former counsel, who was no longer counsel of record in the case, forwarded the Court of Appeal's opinion to petitioner. ECF No. 1 at 35. Petitioner received the opinion on September 6, 2016, thirteen days after it issued. ECF No. 1 at 20. Proceeding without counsel, petitioner wrote a petition for review in thirty days. On October 6, 2016, three days after the deadline to appeal, petitioner mailed his petition for review to the Supreme Court of

1 | California. *Id.* The deputy clerk responded to the petition by letter dated October 11, 2016,
2 | advising petitioner that he must submit an "Application for Relief from Default" and explain why
3 | he failed to file a timely petition. ECF No. 1 at 37. The clerk further advised petitioner that the
4 | court would lose jurisdiction to consider his case after October 23, 2016. *Id.* Petitioner received
5 | the clerk's letter on October 17, 2016 and wrote an application for relief from default the same
6 | day. ECF No. 1 at 39-41, 53. Petitioner mailed the application on October 19, 2016, along with
7 | another copy of the petition for review. ECF No. 1 at 20, 53, 55. However, on October 26, 2016,
8 | the clerk—apparently having not yet received petitioner's application—wrote petitioner that the
9 | court had lost jurisdiction to consider petitioner's case because the court's "records disclose that
10 | you have not submitted an Application for Relief from Default." ECF No. 1 at 43. Petitioner
11 | wrote the clerk on October 31, 2016, stating that he had sent the application for relief from default
12 | before the court lost jurisdiction. ECF No. 1 at 45. On November 16, 2016, petitioner resubmitted
13 | his petition for review and application for relief from default. ECF No. 1 at 47-48. The clerk
14 | responded by letter dated November 29, 2016, repeating that the court had no record of an
15 | application for relief from default and that the court had lost jurisdiction in his case. ECF No. 1 at
16 | 51. Petitioner received that letter on December 2, 2016. ECF No. 1 at 21.

Petitioner filed his habeas petition with this court on January 23, 2018, raising three claims related to the denial of his request for resentencing.

## II. Motion to Dismiss Standard

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. Respondent may file a motion to dismiss in lieu of an answer, and that motion is reviewed using the Rule 4 standard. *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (applying Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies). In this case, respondent's motion to dismiss, filed in lieu of an answer, seeks dismissal for untimeliness and failure to exhaust state remedies. Therefore, we review the motion under Rule 4.

### III. Analysis

#### A. Timeliness

Respondent argues that petitioner's habeas petition is untimely because he did not file within a year of the passage of Proposition 36, the point at which petitioner knew the "factual predicate" of his claims. ECF No. 14 at 4-6. Petitioner contends that because his claims are tied to resentencing under that law, he did not know the factual predicate of his claims until he sought resentencing. ECF No. 16 at 3. Petitioner further argues that the time he spent appealing the resentencing decision and attempting to petition the state supreme court should not be counted as part of the one-year statute of limitations. ECF No. 16 at 3.

A petition for habeas corpus must be filed within one year of the latest of several occurrences, among which are: knowing the factual predicate of the petitioner's claims, final judgment or expiration of time for seeking review, and lifting of an unconstitutional impediment to filing a state action. 28 U.S.C. § 2244(d)(1). In this case, we consider both the "factual predicate" and the "final judgment" timelines and assess which event occurred latest. *See* 28 U.S.C. § 2244(d)(1); *Willis v. Gastelo*, No. 18-CV-01456-GPC-JLB, 2018 WL 6829822, at *4-6 (S.D. Cal. Dec. 27, 2018). The factual predicate here is when the petitioner became aware of, or could have discovered through due diligence, the state court's November 20, 2014, determination to deny resentencing under Proposition 36; petitioner could not have known that he would have claims related to resentencing until his request for resentencing was denied.[1] *See Newman v. Fox*, No. CV 16-5587-DDP (SP), 2017 WL 9534003, at *4-7 (C.D. Cal. Sept. 26, 2017), *report and recommendation adopted*, No. CV 16-5587-DDP (SP), 2018 WL 2972447 (C.D. Cal. June 7, 2018) (finding that the one-year clock began to run when petitioner found out he would not be resentenced under Proposition 36 because the "court's alleged error in finding petitioner ineligible for resentencing is the factual predicate"); *Gonzalez v. Paramo*, No. EDCV161087JFWSP, 2017 WL 1536485, at *4 (C.D. Cal. Mar. 20, 2017), *report and recommendation adopted*, No.

---

[1] It is not evident in the record precisely when petitioner became aware of the superior court's decision. However, as noted above, petitioner did appeal that decision on January 12, 2015.

EDCV161087JFWSP, 2017 WL 1536385 (C.D. Cal. Apr. 26, 2017) ("[T]he factual predicate of petitioner's claim here is not the enactment of § 1170.126, but rather the trial court's alleged error in finding petitioner ineligible for resentencing."); *Stewart v. Perez*, No. EDCV 15-245 GHK (KS), 2015 WL 9997217, at *6-7 (C.D. Cal. Dec. 10, 2015), *report and recommendation adopted*, No. EDCV 15-245 GHK (KS), 2016 WL 429778 (C.D. Cal. Feb. 2, 2016).[2]

The final judgment, on the other hand, came on August 24, 2016—with the Court of Appeal decision—and time expired for direct review on October 3, 2016. The final judgment thus came after the arising of the factual predicate and analysis under 28 U.S.C. § 2244(d)(1)(A)—counting from October 3, 2016, when the time for review expired—applies for the calculation of timeliness in this case.

Petitioner argues that the statute of limitations should be tolled while he was attempting to file in the California Supreme Court. ECF No. 16 at 3. Even assuming, without deciding, that petitioner is entitled to equitable tolling,[3] the tolled period would have ended on December 2, 2016, when petitioner received his last correspondence from the clerk. Petitioner did not seek state habeas relief at that time, and thus has no basis for further tolling of the statute of limitations. Therefore, even with the equitable tolling that petitioner requests, his right to petition for federal habeas corpus relief would have expired on December 2, 2017. Petitioner's habeas petition—which he filed on January 23, 2018—is thus untimely, and we recommend dismissal.[4]

---

[2] The one-year statute of limitations clock could not have started to run upon passage of Proposition 36, because the passage of a law is not a "factual predicate" under 28 U.S.C. § 2244(d)(1)(D). *See Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005) ("If a change in (or clarification of) state law . . . could qualify as a 'factual predicate,' then the term 'factual' would be meaningless.").

[3] *See Grant v. Swarthout*, 862 F.3d 914, 921 (9th Cir. 2017) (recognizing that "the purpose of equitable tolling is to prevent the unjust technical forfeiture of causes of action") (internal citations and quotation marks omitted).

[4] Given that the petition is untimely, we need not analyze respondent's claim that dismissal is also appropriate because petitioner failed to exhaust his remedies in state court.

## IV. Findings and Recommendations

For the foregoing reasons, we recommend that the court grant respondent's motion to dismiss, ECF No. 14, and dismiss this case without prejudice.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. Any such objections must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   February 25, 2019               _____
                                                           UNITED STATES MAGISTRATE JUDGE

No. 204